[L. A. No. 11533. In Bank.—December 29, 1931.]

## MOLLIE WEISBURG, Appellant, v. HENRY J. WEISBURG, Respondent.

J. L. Kearney for Appellant.

George Acret for Respondent.

SEAWELL, J.—Plaintiff appeals from a judgment dismissing her action for divorce against Henry J. Weisburg. She sought a divorce on the ground of extreme cruelty, which seriously affected her health. In his answer the defendant denied all allegations of cruelty. The court found that each and every allegation of paragraph IV of the complaint, wherein plaintiff set forth the acts of cruelty upon which she relied as cause for divorce, was not true.

The sole question upon this appeal relates to the correctness of said finding. The issue of the marriage, two boys, have each attained their majority.

Appellant insists that the evidence clearly establishes her right to divorce without conflict, and therefore the law impels a judgment in her favor. From an examination of all the evidence in the case we are unable to agree with this contention. The case is one upon which the trial court could, upon the printed record as it comes to us, have granted or denied a divorce and this court, which is solely a reviewing court in such matters, would have been bound by its judgment in either event. Besides this, the trial court was in the presence of the parties and was in a position to have gone deeper into the motives and good faith of the parties than we are able to do. Motives and designs often manifest themselves in ways other than by printed or spoken words. Appellant's case is weak in corroborating evidence as to acts of cruelty which the law requires. The pistol episode which appellant stresses, examined in the light of the habits, temperament and history of the respondent, together with the incident itself as it was described by the two sons, is by no means conclusive, if accepted as true, that the respondent intended to do harm to anyone. It is apparent from the testimony of the sons that the respondent was not a dangerous or violent man.

Property rights are the sole cause of the differences which gave rise to the divorce action. The wife, because of business misfortunes of the husband, took over the clothier business in which he had long been engaged, first in New York and latterly in Los Angeles. The question of the wife's separate property entered into the settlement with the husband's creditors, which was made through the board of trade. The wife thereafter assumed all liabilities, the husband having relinquished all claims to property which stood in his name. The business was thereafter conducted by the wife with the aid of the younger son, the husband being made to understand that he was *persona non grata* in every way. He was sixty years of age and in poor health and keenly felt the treatment he was receiving. He left home and went to work in Imperial Valley at a small wage but finally returned perceptibly broken in health. Out of his claim to some interest in the business and property grew

the troubles upon which the action is based. The record presents a conflict as to which was the greater offender against matrimonial tranquility. The trial court held that the wife, who was then past fifty years of age and in possession of the business, which she seems to have conducted successfully with the aid of the younger son, was not entitled to a decree from her husband, with whom she had lived for thirty-two years and who was without funds and in ill health.

The trial judge saw and heard the parties and was in close contact with them during the trial. Upon a reading of the entire record it cannot be said that the evidence is insufficient to support the findings and judgment. In such a case we have no alternative but to affirm the judgment.

Judgment affirmed.

Shenk, J., Preston, J., Langdon, J., Waste, C. J., Richards, J., and Curtis, J., concurred.